ACCURSO, J.A.D., dissenting.
*321 I have no quarrel with the majority's rejection of defendants' argument that CRS was the owner of the trucks belonging to members of the class under 49 C.F.R. § 376.2(d). But I cannot agree that because defendants failed to catch an obvious error in the calculation of the fuel tax damages awarded on partial summary judgment, they were thereafter barred from attempting to correct the mistake. Because I think that result inconsistent with the interlocutory nature of the order and unjust, I respectfully dissent from that aspect of the majority's decision.
The issue on appeal relating to the fuel tax damages is a narrow one. The leases in effect between the parties from November 19, 2010 through May 26, 2012, made defendant P2H responsible to "pay all fuel taxes." Every week, defendants deducted the drivers' fuel purchases from their pay, without remitting the fuel taxes. Accordingly, among the damages plaintiffs sought in this case was reimbursement for the fuel taxes defendants wrongfully charged plaintiff drivers.
Calculation of those fuel taxes turned out to be difficult for two reasons; Super Storm Sandy destroyed most of defendants' records, and the drivers no longer had the weekly settlement sheets defendants provided them or receipts for fuel purchases. Plaintiffs took a two-pronged approach to dealing with those proof problems. They subpoenaed Wright Express *234 for the records of fuel purchases by those drivers paying for fuel with a WEX card. For those drivers who instead paid cash for fuel, class counsel turned to an accountant who calculated the fuel tax owed the remaining members of the class by making estimates and assumptions based on available data.
It is undisputed that the trucks driven by the class operate only on diesel fuel. Defendants, however, did not limit the drivers to diesel fuel purchases with their WEX cards. Accordingly, some drivers used their WEX cards to buy gasoline for their personal vehicles. In its subpoena to Wright Express, class counsel sought records of all fuel purchases for the years in question. Using the *322 WEX records, class counsel calculated the amount defendants owed those drivers using WEX cards by applying the tax rates in effect in the state where the fuel was purchased multiplied by the number of gallons purchased, without differentiating between gasoline and diesel fuel purchases.
When plaintiffs moved for partial summary judgment in 2013 for defendants' failure to pay fuel taxes for those drivers using WEX cards, discovery was still ongoing. Defendants opposed the motion but did not challenge class counsel's calculation of the fuel tax charges for those drivers. The court thus treated the calculation as undisputed and entered partial summary judgment for plaintiffs in the sum of $ 382,753.68.
Defendants appear not to have realized that the $ 382,753.68 included fuel taxes for gasoline purchases (which defendants had no obligation to pay) until almost a year later, when they were opposing plaintiffs' motion for summary judgment on liability and damages for fuel taxes to class members who made their fuel purchases in cash, not using a WEX card. Defendants argued the point to the court, among others, in attempting to establish the existence of factual disputes precluding summary judgment. Although the court entered a judgment for liability on the non-WEX card claims, it declined to fix damages on the motion. Agreeing with defendants that the facts underlying plaintiffs' damage claim were in dispute, the court left the claims for fuel tax damages arising out of cash purchases by the non-WEX card users for trial.
Based on the court having denied summary judgment on damages for fuel taxes on cash purchases, defendants moved for reconsideration of another order on damages entered months before, contending the plaintiffs' calculations were erroneous and contrary to law. Defendants argued that plaintiffs were required to prove the actual amount of their damages and that projections, estimates and imputations were insufficient. In their brief in support of that motion, defendants footnoted the policy permitting drivers to use their WEX cards to purchase gasoline for their personal vehicles. The court denied the motion, and the parties *323 subsequently settled their claims with an agreement that defendants would pay 69.70% of what plaintiffs' expert claimed was owed the drivers paying cash for fuel, and could appeal the $ 382,753.68 judgment for fuel taxes owed drivers using WEX cards based on plaintiffs' failure to prove the "exact damages" sustained by those drivers.
In refusing to consider the claim on the merits, the majority acknowledges that defendants finally woke to the inexactness of the damage calculation for the WEX card users and raised it to the trial court in July 2014, when they opposed plaintiffs' damages calculation for fuel taxes owed the non-WEX card users; a fact borne out by the motion transcript. It also acknowledges the parties settled the case with an express agreement permitting defendants *235 to challenge the WEX card calculation on appeal. Relying on State v. Witt, 223 N.J. 409, 126 A.3d 850 (2015), and State v. Robinson, 200 N.J. 1, 974 A.2d 1057 (2009), the majority nevertheless refuses to consider the merits of defendants' argument on the WEX card calculation because they failed to make the argument to the trial court when the court entered partial summary judgment on the WEX card claim.
Witt and Robinson, criminal cases dealing with suppression motions, are neither controlling nor instructive here. In both those cases, the Court was addressing the failure of defendants to preserve an issue for appellate review; in Witt the lawfulness of a traffic stop, 223 N.J. at 418-19, 126 A.3d 850, and in Robinson, the use of a "flash bang" device in connection with a knock-and-announce warrant, 200 N.J. at 18-22, 974 A.2d 1057, neither ever raised to the trial court. Defendants raised the issue of the accuracy of the WEX fuel records to the trial court here. The majority holds, however, that defendants' failure to do so until after partial summary judgment had already been entered precludes our review of the issue. I disagree.
As the Court explained in Lombardi v. Masso, 207 N.J. 517, 25 A.3d 1080 (2011), "[i]t is well established that 'the trial court has the inherent power to be exercised in its sound discretion, to *324 review, revise, reconsider and modify its interlocutory orders at any time prior to the entry of final judgment.' " Id. at 534, 25 A.3d 1080 (quoting Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257, 531 A.2d 1078 (App. Div. 1987), certif. denied, 110 N.J. 196, 540 A.2d 189 (1988) ). Rule 4:42-2, which governs reconsideration of interlocutory orders, see R. 1:7-4(b), provides that "any order ... which adjudicates fewer than all the claims as to all the parties shall not terminate the action as to any of the claims, and it shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice."
Although defendants' failure to have timely realized that plaintiffs' calculation of fuel taxes for those drivers using WEX cards overstated the damages by including purchases of gasoline as well as diesel fuel is certainly not laudatory, it is not an incomprehensible error. Discovery was still ongoing, the records belonged to a third party, and class counsel represented in its statement of undisputed material facts that those records were confined to diesel fuel purchases, a statement defendants allege they only subsequently discovered was demonstrably false.[1]
On appeal, defendants have submitted a supplemental appendix, using the same WEX card records submitted by plaintiffs on the motion, along with additional records obtained from Wright Express that break down the fuel purchases between diesel fuel and gasoline. Defendants claim a comparison of the documents demonstrates plaintiffs overstated their damages by more than $ 20,000 by including purchases of gasoline.
Plaintiffs make no response to any of defendants' particularized claims. Instead, they contend only that they based their calculation of "the amount of the fuel tax each Class member paid" on "the information WEX provided," and that the court should not consider the argument that they improperly included the fuel taxes on gasoline purchased for the class members' personal use *325 because defendants never raised that particular argument when they were arguing the need to prove exact damages in the trial court. Pointedly, plaintiffs do not represent on appeal that their damage *236 calculation was limited to the fuel tax charges on purchases of diesel fuel.
Because defendants raised the issue of plaintiffs' need to establish actual, "exact" damages on their fuel tax claims under the TIL regulations when successfully defending against summary judgment on damages for the non-WEX fuel purchases, and then moved for reconsideration of a prior order on damages on the same grounds, that issue was properly preserved for appellate review, notwithstanding that defendants failed to make the argument on the initial motion on the WEX card purchases. See Docteroff v. Barra Corp. of Am., Inc., 282 N.J. Super. 230, 237, 659 A.2d 948 (App. Div. 1995) ("[W]e need not get caught up in the question concerning the extent to which plaintiffs have shifted gears or changed their position regarding the appropriate statute of limitations. Because the issues before the trial judge dealt with whether the suit was timely and what the controlling limitations period was, we will consider the same issues as presented to us, regardless of whether plaintiffs' principal theory has changed."). We may thus consider whether the proofs plaintiffs presented on the motion for partial summary judgment for fuel taxes owed the WEX card users was sufficient to establish their damages. See Lombardi, supra, 207 N.J. at 542, 25 A.3d 1080.
Given plaintiffs' acknowledgment that WEX card users could and did use their cards for personal gasoline purchases and what could be termed, at best, an ambiguity as to whether the WEX records on which plaintiffs based their damages were limited to diesel fuel purchases or included gasoline purchases for which no fuel taxes were due, I would vacate the order for partial summary judgment and remand for a proper calculation of damages. See Ziegelheim v. Apollo, 128 N.J. 250, 264, 607 A.2d 1298 (1992) ("Summary judgment should not be granted when the moving party demonstrates through its own submissions that there is a *326 genuine dispute over material fact, regardless of the presence or absence of submissions by the opposing party.").
The "special power afforded to judges over their interlocutory orders derives from the fact that cases continue to develop after orders have been entered." Lombardi, supra, 207 N.J. at 536, 25 A.3d 1080. That was clearly the case here, where the court entered a whole series of partial summary judgments on discrete issues over the course of discovery. Although defendants did not raise the error in plaintiffs' calculation of the fuel tax damages for WEX users until well after partial summary judgment had been entered on the claim, and never did so in as clear a fashion as they have on appeal, they plainly challenged the accuracy of the fuel tax calculations for all fuel purchases, whether paid for in cash or with a WEX card, before trial and entry of final judgment. Accordingly, I think we are obliged to consider the issue on the merits.
Affirming the judgment without substantive review in these admittedly unusual circumstances raises the unpalatable specter of permitting a likely erroneous damage calculation to stand because defendants failed to catch the error before entry of an interlocutory order for partial summary judgment. Because I think that result inconsistent with the nature of the order and unjust on the facts presented, I respectfully dissent.

Defendants nowhere suggest the error was anything other than inadvertent.